UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY HARLOW,

    Plaintiff,

v.  CASE NO. 8:25-cv-1328-SDM-TGW

SHERIFF CHRIS NOCCO, *et al.*,

    Defendants.
                                        /

**ORDER**

Harlow's complaint alleges that his civil rights were violated when he was subjected to the use of excessive force and denied or delayed medical care. An earlier order (Doc. 3) grants Harlow leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's action "if the allegation of poverty is untrue" or if the complaint "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), service on the named defendants is not warranted. Harlow must file an amended complaint. The fact that Harlow is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements imposed by the federal rules. And, although the district court must generously construe a *pro se* complaint, neither a district court nor a defendant is

required to read between the lines to create a claim on Harlow's behalf. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*) (noting that while a *pro se* complaint "is held to a less stringent standard than a pleading drafted by an attorney[,] . . . [the complaint] must still suggest that there is at least some factual support for a claim") (citation omitted); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1368–69 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (citations omitted).

First, Harlow identifies the three named defendants as the Pasco County Sheriff's Department, the Land O'Lakes Detention Center, and Pasco County Sheriff Nocco. Harlow can pursue a claim against neither the Pasco County Sheriff's Department nor the Land O'Lakes Detention Center, which is a facility operated by the county sheriff. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700–01 (11th Cir. 2013),[*] explains that a "sheriff's office" is not a legal entity subject to suit:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

> entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Similarly, a "jail," a "department," or a "detention center," each of which is a building or an organizational component (offices and employees), is not an entity "with the capacity to be sued." *See also Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1347 (M.D. Fla. 2021) ("In Florida, a sheriff's office is not a legal entity subject to suit under § 1983.") (citing *Faulkner*). Consequently, the complaint states a claim against neither the Pasco County Sheriff's Department nor the Land O'Lakes Detention Center.

Second, Harlow cannot pursue a Section 1983 action against Sheriff Nocco based only on the sheriff's position as the employer of someone who allegedly wronged Harlow. A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). The complaint must assert facts showing the direct and active involvement of each defendant in the alleged deprivation of Harlow's civil rights. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)

("We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). Consequently, the complaint fails to state a claim against Sheriff Nocco.

Additionally, the standard civil rights complaint form allows a plaintiff to specify whether he sues a defendant in their individual or official capacity, and Harlow checked only the box for official capacity for his action against Sheriff Nocco. Official capacity and individual capacity are commonly confused with the requirement that, to assert a civil rights action under 42 U.S.C. § 1983, the defendant must act "under color of law." The "under color of law" requirement means that the defendant must have acted as an agent of a government — whether state, county, or city. For example, a government employee who causes an injury while performing a governmental duty acts "under color of law," but the same employee who causes an injury while not performing a governmental duty does not act "under color of law."

An allegation that an employee caused an injury while performing a governmental duty meets the "under color of law" requirement for a claim against the employee in his individual (or personal) capacity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."). An action against a defendant in his individual capacity seeks to hold the defendant personally liable for his individual acts.

To the contrary, a claim against a defendant in his official capacity requires proof that an official policy or custom caused the alleged injury. An official capacity claim is actually a claim against the governmental entity without regard to the person

who committed the act or to the person who holds the official position. *Kentucky v. Graham*, 473 U.S. 159, 195 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell*, 436 U.S. at 690); *Owens v. Fulton Cnty.*, 877 F.2d 947, 952 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.") (citing *Graham*). For example, an official capacity claim against an office holder stays with the office without regard to the identity of the person holding the office; an individual capacity claim stays with the individual (even if the individual leaves the office) and does not transfer to the next person holding the office. To establish the liability of a governmental entity, the official policy or custom "must be 'the moving force of the constitutional violation . . . .'" *Polk County, Iowa v. Dobson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694). *Accord Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020).

    Harlow asserts no facts to support an official-capacity claim. Instead, Harlow must identify the persons who allegedly (1) used excessive force when he was arrested and (2) denied or delayed providing him medical care, and a claim against those persons is an individual capacity claim based on their individual acts.

    Harlow may file an amended complaint to correct these deficiencies, which pleading must be complete because an amended complaint supersedes the original complaint and, as a consequence, "specific claims made against particular defendants in the original complaint are not preserved unless they are also set forth in

the amended complaint." *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009); *see Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."); *see also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). In other words, the amended complaint must state each claim without reliance on allegations in the earlier complaint.

Also, Harlow is advised that, if he fails either to move for an extension of time or to file an amended complaint within the time allotted, this order dismissing the initial complaint will become a final judgment. *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint.") (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

Defendants Pasco County Sheriff's Department, Land O'Lakes Detention Center, and Pasco County Sheriff Nocco are **DISMISSED** from this action. The complaint (Doc. 1) is **DISMISSED** for failing to state a claim, but the dismissal is **WITHOUT PREJUDICE** to the filing of an amended complaint within **THIRTY**

**(30) DAYS**. The failure to timely file an amended complaint will result in the dismissal of this action without further notice.

### A CAUTION TO MR. HARLOW

Litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders. A judge cannot assist a party, even a *pro se* party, in conducting an action, and a plaintiff enjoys only a limited opportunity to amend the complaint. Therefore, Harlow is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on July 9, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE